U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 1 2 2005

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SOUTHERN PIPE & SUPPLY CO, INC. | CIVIL ACTION NO. 03-1778 |
| V. | JUDGE S. MAURICE HICKS, JR. |
| LOUIS RICHARD FLEMING, JR, ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is an appeal by Appellant, Creditor Southern Pipe & Supply Co. Inc. ("Southern Pipe"), from an order of the bankruptcy court, wherein the bankruptcy judge found jurisdiction over the Appellee's, Debtors Louis Richard and Joann Williams Fleming, ("Flemings"), "Motion to Reopen." [Doc. 1].

The appeal arises out of a Chapter 7 bankruptcy filed in 1992 and initially closed in 1994. [Joint Stipulated Facts, Appellee's Appendix 2, ¶¶ 1 &3]. On September 10, 1996, the Flemings filed a motion to reopen the bankruptcy case pursuant to 11 U.S.C. § 350. [Id., ¶ 23]. The Flemings moved to reopen their bankruptcy for the purpose of determining whether Southern Pipe's judgment impaired their homestead exemption pursuant to 11 U.S.C. § 522(f). [Bankruptcy Docket, Doc. Nos. 43 & 46]. The motion was granted and the case was reopened on September 13, 1996. [Joint Stipulated Facts, Appellee's Appendix 2., ¶ 24]. The case was finally closed on July 7, 1997. [Id., ¶ 4]. The Flemings filed another Motion to Reopen on September 5, 2002. [Bankruptcy Action No. 92-10987, Doc. No. 46]. The motion was granted on September 6, 2002. [Id., Doc. No. 47]. A hearing was held on September 16, 2002, on the motion to reopen. [Id., Doc. No. 51]. The bankruptcy judge granted the motion to reopen but certified the issue for appeal with the agreement of counsel for Southern Pipe to stay the related foreclosure proceedings

pending at that time. [Transcript of Hearing, Appellant Exhibit 6, pp. 55-56]. The appeal was filed on September 23, 2003. [Doc. No. 1].

As of the bankruptcy filing date, the debtors, the Flemings, owned residential real property with market value of $75,000 (hereinafter referred to as "Residential Property"). [Joint Stipulated Facts, Appellee's Appendix 2., ¶ 5]. Debtors claimed Louisiana homestead exemption on this property pursuant to Louisiana Revised Statutes 20:1. [Id., ¶ 6]. On May 24, 1991, a first mortgage was recorded in the Mortgage Records of Caddo Parish, Louisiana, Book 2118, Page 199, Registry Number 1305922. [Id., ¶¶ 16-17].

On November 15, 1991, Southern Pipe filed a judgment against the Flemings which was duly recorded in the Mortgage Records of Caddo Parish, Louisiana, Book 2149, Page 74, Registry Number 1325315 (hereinafter referred to as "Southern Pipe Judgment"). Id., ¶¶ 8 & 9]. The original judgment was in the amount of $34,619.73, plus interest, attorneys fees and costs. [Id., ¶ 8] Southern Pipe filed an uncontested Proof of Claim in the amount of $35,619.73, plus interest and costs. [Id., ¶10].

On June 16, 1995, the Flemings sold Residential Property to Elaine Alton Jackson via warranty deed for $100,000.00. [Id., ¶ 18]. Southern Pipe timely revived and reinscribed it's judgment on November 7, 2001. [Id., ¶18].

The bankruptcy court found that the Court had jurisdiction[1], and that the doctrine of laches was not applicable because Southern Pipe has not been prejudiced by the delay in filing this motion. [Transcript of Hearing, Appellant Exhibit 6, pp. 40]. The issue before this Court is whether there was "cause" pursuant to 11 U.S.C. § 350 to reopen the bankruptcy case. Southern Pipe argues that the bankruptcy court should not have

---

[1]Counsel for Southern Pipe in fact acknowledged jurisdiction during the hearing. [Transcript of Hearing, Appellant Exhibit 6, p. 13].

reopened the case for multiple reasons, which can be summarized as: (1) res judicata and claim preclusion; (2) lack of jurisdiction; (3) laches; and (4) judicial estoppel.

The Court has carefully reviewed the transcript of the hearing as well as the motions, briefs and stipulations filed in this matter. The appellants raise several issues that were not before the bankruptcy court including res judicata and judicial estoppel. Furthermore, the appellants have in effect argued the merits of the 11 U.S.C. § 522(f) motion through both the motion to reopen and this appeal.

The Court finds that the merits of the motion to reopen are intertwined with the merits of the underlying motion to avoid lien pursuant to Section 522(f). As noted above, the factual and procedural backgrounds of this matter are not only lengthy but dependent on each other. The Court further finds that it is difficult to review the motion to reopen without considering the merits of the motion pursuant to Section 522(f) which the bankruptcy court has not considered. Therefore, the Court finds that it is in the best interests of judicial efficiency to dismiss this appeal.

For the reasons set forth above, the appeal of the ruling issued on September 16, 2002, by Bankruptcy Judge Stephen Callaway is **DISMISSED**.

Therefore:

IT IS ORDERED that Southern Pipe's appeal [Doc. No. 1] shall be **DISMISSED**.

Shreveport, Louisiana, this _____ day of September, 2005.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE